## Case No. 3,991.

### DONOHUE v. CULLEY.

[Taney, 468.] [1]

Circuit Court, D. Maryland. April Term, 1844.

GOVERNMENT CONTRACTS— CONTRACTOR AND SUB-
CONTRACTOR—EXTRA WORK.

L. B. C. having contracted with the United States to build a government vessel, entered into a contract with J. D. for a portion of the work; certain extra work was done by J. D., by direction of the government superintendent: *Held*, that in order to charge L. B. C. for this extra work, J. D. must show, not only that the work was not embraced in the specifications in his contract with L. B. C., but also that it was embraced in the contract of L. B. C. with the government.

Appeal from the district court of the United States for the district of Maryland.

This libel in admiralty was filed by the appellant, James Donahue, against Langley B. Culley, owner of a new brig afterwards called the "United States Brig Lawrence," to recover the value of work done on, and materials furnished said brig, in the year 1843. The libel was filed on the 9th of October, 1843; the amount claimed was $1186 01. The respondent in his answer denied his indebtedness to the libellant, as set forth in the libel; or that he ever contracted with the libellant to do the work and furnish the materials, as described and alleged in the said libel. On the 21st of December, 1843, the district court passed a decree in favor of the libellant for $450 [case not reported], from which decree he appealed to this court. The amount for which the decree was rendered, with interest and costs, was paid into court by the appellee, to abide the result of the appeal.

William H. Watson, for appellant.

N. Williams and Jos. B. Williams, for appellee.

TANEY, Circuit Justice. The material facts in this case are as follows:

On the 23d of March, 1843, Langley B. Culley entered into a contract with the secretary of the navy, to build a brig (the Lawrence); the size of the brig, the manner in which she was to be built, and the materials to be used, being specified in the agreement. The secretary reserved the right of appointing one or more superintendents, with power to reject any materials or workmanship which he might deem insufficient; Captain Gardner was accordingly appointed by the government, and the vessel built under his superintendence.

Culley, after making his agreement with the secretary, entered into contracts with different workmen to perform different parts of the work. Graham & Spedden contracted for the joiners' work, for the sum of $1300, and after they had done some part of it, Captain Gardner informed Culley that he was

not satisfied with their work, and that some other person must be employed; Graham & Spedden upon receiving this information, made an arrangement with Donahue, the present appellant, by which he agreed to furnish the work, under their contract; they to receive $450 for what was already done, and he to receive $850, the residue of the sum originally agreed upon. There is, indeed, some difference between the witnesses on this point, and it has been insisted on the part of the appellant, that he came in, under a contract with Culley, to finish the joiners' work specified, for the sum mentioned, and not as taking the place of Spedden & Graham under the original contract with them. But the language of the receipts given by the appellant is too explicit to leave any doubt on this question; and the court is satisfied, from the whole evidence, that he agreed to take the place of Graham & Spedden, and assumed all their responsibilities under their contract.

When the brig was finished, Donahue claimed a large sum of money over and above the $850, upon the ground that joiners' work had been required to be done, and materials to be used, which were not called for by the original contract with Graham & Spedden. He presented an account against the government, for certain work which he considered as extra, and this account included sundry items which are now charged against the appellee. A part of this account, amounting to $282, was allowed as extra work, for which the government admitted itself to be liable; another part, $83, was rejected, upon the ground that the prices charged were too high, and the residue of the account, amounting to $98.12, was rejected, upon the ground that the work was not extra, and was called for and required to be done by the contract with Culley. The last-mentioned items are included in the present account against Culley; and the appellant claims $443.40 against him, upon the ground that certain work was done by him on the brig, which was not required by the contract with Graham & Spedden, and for which, therefore, the appellant is entitled to a reasonable compensation over and above the sum stipulated in the agreement.

When the libel in this case was filed in the district court, and also at the time of the trial, the sum of $450. part of the contract price, was yet due and unpaid by Culley; and this sum, as well as the compensation for extra work, of course, claimed by the libellant in the suit in the district court. That court was of opinion that Donahue was not entitled to recover anything from Culley on account of extra work alleged to have been done upon the brig, and therefore, decreed the payment of the $450 admitted to be due, with interest and costs, but nothing more. The appellee thereupon paid into court the sum then decreed against him, and the controversy brought here by the appeal is con-

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

fined to the claim for extra work and materials. The questions which arise, therefore, are: 1. Whether the appellant is entitled to recover anything from the appellee, on account of extra work or materials: 2. If anything, how much?

According to the testimony of Captain Gardner, all of the joiners' work upon the vessel done by Spedden & Graham, or by Donahue, was, in his judgment, required to be done, by the contract of Culley with the government, and none of it was extra work with reference to this agreement. He does not speak of the contract beween Graham & Spedden and Culley, with which he had no concern, and does not state that there was any difference in those contracts in relation to the joiners' work specified in them.

Several witnesses who are workmen, have also been examined by the appellant, who prove that joiners' work to a considerable amount was done upon the vessel, which is not embraced in the contract between Spedden & Graham and Culley, and which ought to be regarded as extra work with reference to this contract; but they do not say that it would not be extra also, with reference to the agreement between the government and Culley.

Now, the work in question was all done by the direction of Captain Gardner; and in order to charge Culley, it ought to be shown, not only that the work was not embraced in the specifications in the contract with Spedden & Graham, but also that it was embraced in the contract with the government; upon the face of the contracts, however, there is no difference between them in this respect, and no difference is shown by the witnesses examined in the case. Captain Gardner, it is true, states that the work in question was required to be done by the contract with the government; and the other witnesses state that it was not required by the agreement of Graham & Spedden; but neither Captain Gardner, nor any of the witnesses, point out any difference between the two contracts with reference to the joiners' work. It appears to the court, that the captain and the other witnesses differ only in the construction which they put upon contracts, which are in this regard precisely alike; and that, if the work was extra with reference to Graham & Spedden's contract, it was extra also with reference to the contract with the government.

Certainly, if the contract with the government embraced the work, and that with Spedden & Graham did not, Culley would, in that case, be justly responsible; but the contracts are substantially the same as to the joiners' work. What is now claimed as extra, was done by the direction of Captain Gardner, the agent of the United States. If it was required by the fair construction of these contracts, then Donahue is entitled to no further compensation than the amount stipulated in the written agreement with Graham & Spedden; and if it was not required by these contracts, and was extra work, then the government, and not Culley, is responsible, unless, indeed, he had agreed with Donahue to become liable, of which there is no proof. The decree of the district court must, therefore, be affirmed, with costs, interest not to be charged upon the $450 after the amount decreed was paid into the district court.